UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARRETT M. FERGUSON,

        Plaintiff,

        v.                                         Case No. 19-C-1320

KEVIN T. LAMORA,

        Defendant.

**DECISION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Garrett M. Ferguson, who is currently serving a state prison sentence at Oshkosh Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, asserting an excessive force claim against Defendant Kevin Lamora. Presently before the court is Defendant's motion for summary judgment. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). For the following reasons, Defendant's motion will be denied.

**BACKGROUND**

At all times relevant to this matter, Plaintiff was incarcerated at the Oshkosh Correctional Institution. Pl.'s Proposed Findings of Fact ¶ 7, Dkt. No. 21. Plaintiff alleges that, on April 26, 2018, Defendant used excessive force when Defendant violently twisted Plaintiff's right hand, causing the handcuffs Plaintiff was wearing to dig into his right wrist. *Id.* ¶¶ 8–9. On April 27, 2018, Plaintiff filed a timely grievance related to his claim, OSCI-2018-9737. *Id.* ¶ 11. The Institution Complaint Examiner's office received the grievance on April 30, 2018. *Id.* ¶ 12. After reviewing the grievance, the inmate complaint examiner recommended the complaint be

dismissed because the allegations raised in the complaint had already been brought to the attention of supervisory staff and that a simultaneous investigation within the Inmate Complaint Review System was not necessary. *Id.* ¶ 15. The examiner further explained: "The allegations are being addressed in a manner consistent with the provisions of DAI Policy 310.00.01. Because that investigation process is regulated by state law which protects privacy and due process rights of staff, no further information will be given to the complainant." DAI Policy 310.00.01 refers to the Wisconsin Division of Adult Institutions policy and procedure for inmate complaints regarding staff misconduct.

On May 1, 2018, the reviewing authority dismissed the complaint and advised Plaintiff of his right to appeal the decision in accordance with Wisconsin's inmate complaint review system. *See* Dkt. No. 17-2 at 4 ("A complainant dissatisfied with a decision may, within 14 days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405 (DOC 310.12, Wis. Adm. Code)."). Plaintiff filed an appeal on July 23, 2018, 83 days after the dismissal of his grievance. Def.'s Proposed Findings of Fact ¶ 3, Dkt. No. 16. The Secretary dismissed the appeal as untimely. *Id.* Plaintiff subsequently filed a second grievance related to the claim at issue on July 20, 2018, 85 days after the alleged incident. The inmate complaint examiner rejected the grievance as untimely, and Plaintiff never appealed that decision. *Id.* ¶ 4.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable

inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the nonmoving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The moving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

Defendant asserts that Plaintiff has failed to exhaust his administrative remedies because he did not timely appeal his rejected grievance. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A plaintiff's failure to properly exhaust each step of the process constitutes a failure to exhaust available administrative remedies. *Id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. *Id.* § DOC 310.07(2). The ICE has the authority to return, investigate, or reject the complaint. *Id.* § DOC 310.10. The inmate may appeal the rejection of the complaint to the appropriate reviewing authority within 10 calendar days. *Id.* § DOC 310.10(10). The reviewing authority shall make a decision within 15 days following receipt of the recommendation or appeal of a rejected complaint. *Id.* § DOC 310.11(1). The reviewing authority's decision is final. An inmate may appeal the reviewing authority's decision within 14 days after the date of the decision by filing a typed or legibly printed request for review with the corrections complaint examiner. *Id.* § DOC 310.12(1). After receiving an appeal, the corrections complaint examiner recommends a decision to the DOC Secretary, who adopts or rejects the recommendation. *Id.* §§ DOC 310.12; DOC 310.13. The failure to properly exhaust each step of the grievance process constitutes a failure to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025.

Plaintiff maintains that he did not appeal the dismissal of his grievance because he was led to believe that, by participating in a parallel investigation, Plaintiff had done all he needed to

4

advance his grievance and did not need to file an appeal. A prisoner is not required to exhaust administrative remedies when those remedies are not "available" to him during the relevant exhaustion period. *Kaba*, 458 F.3d at 684. Administrative remedies are unavailable when a prison official does not respond to a properly filed grievance or uses affirmative misconduct to prevent a prisoner from exhausting through "machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016); *see also Dole*, 438 F.3d at 809 (citations omitted); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2016) (finding administrative remedies were unavailable to inmate who was told numerous times by prison staff that he could not have grievance form). When "prison officials mislead [a prisoner] into thinking that . . . he has done all he needed to initiate the grievance process," then the administrative remedy is legally unavailable. *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011).

In recommending that Plaintiff's grievance be dismissed, the inmate complaint examiner noted that "[b]ecause the allegations raised in this complaint have already been brought to the attention of supervisory staff and are already under review, there is no need to conduct a simultaneous investigation with ICRS." Dkt. No. 17-2 at 2. In other words, the recommendation for dismissal was not because investigation had shown the complaint lacked merit; it was because a separate investigation was already proceeding and there was no need for a second. On May 1, 2018, Warden Smith dismissed Plaintiff's grievance and advised Plaintiff that "[a] complainant dissatisfied with a decision may, within 14 days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405 (DOC 310.12, Wis. Adm. Code)." *Id.* at 4. Given the explanation offered, Plaintiff reasonably believed that because the institution was already investigating his allegations of misconduct against Officer Lamora, his ICE complaint was superfluous.

5

While the record does not establish that the prison officials acted in bad faith in their responses to Plaintiff's grievance, it appears the prison officials at least inadvertently thwarted Plaintiff's exhaustion of his remedies by misleading him. True, Plaintiff could have appealed the Warden's dismissal of his grievance; but it is hard to imagine why Plaintiff would do so when an internal investigation regarding his claim was currently pending and he was advised that there was no need to conduct a simultaneous investigation. It was sensible for Plaintiff to not file an appeal and to wait for the results of the internal investigation. The response to Plaintiff's grievances misled him so as to make the administrative remedy legally unavailable to him. *See Ross*, 136 S. Ct. at 1858. Accordingly, Defendant's motion for summary judgment will be denied.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment (Dkt. No. 14) is **DENIED**. The Clerk is directed to set the matter for a telephonic scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
